# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN VESHEN TYLER, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:08-CR-165-CC-JSA |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-CV-4592-CC-JSA |

## MAGISTRATE JUDGE'S FINAL ORDER, REPORT AND RECOMMENDATION

Movant Kevin Veshen Tyler has filed the instant motion to vacate pursuant

to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his

sentences, which were imposed on February 11, 2009, following a guilty plea

entered in the Northern District of Georgia.[1]

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant, from approximately 2004 through June 1, 2012. The undersigned served as deputy chief of the economic crime section of the USAO for some of that period. The undersigned recalls no personal or supervisory involvement over defendant's case.

Although no request for recusal has been made, the undersigned will briefly explain why he has not recused *sua sponte*. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually participated in the case. *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). In other words, "a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter." *United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005). Several courts have held that "an Assistant United States Attorney is only

I.    Procedural History

    A.    Direct Proceedings

On August 29, 2008, Movant entered a guilty plea in the Northern District

of Georgia to felon possession of a firearm as an armed career criminal in violation

of 18 U.S.C. §§ 922(g)(1) and 924(e), possession with the intent to distribute

marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and possession

with the intent to distribute at least five grams of cocaine base in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  (Docs. 1, 17, 18).  On January 26, 2009,

U.S. Senior District Judge Clarence Cooper denied Movant's motion to withdraw

the plea [Doc. 27], and on January 29, 2009, sentenced Movant to a net total of 188

months imprisonment [Doc. 29].  On February 11, 2009, Judge Cooper amended

Movant's federal sentence to reflect that it be served in a state facility concurrent

---

disqualified from cases on which he or she actually participated." *Id.* (citing *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same).  "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case." *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988).  As the undersigned was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

AO 72A
(Rev.8/82)

to the state sentence he already was serving. (Doc. 30). Movant did not file an appeal of his convictions or sentences.

B.    The Instant Motion

Although Movant allegedly signed the instant § 2255 motion on February 21, 2010, it was not filed in this Court until nearly two years later on December 29, 2011. (Doc. 31). Typically under the prison mailbox rule, § 2255 motions are to be considered filed at the time they are delivered to prison authorities for forwarding to the courts. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding petitioner's appeal was filed at the time the petitioner delivered it to prison authorities); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (extending the prison mailbox rule to § 2255 motions). The Government, however, can prove – with evidence such as prison log or other records – that the mailbox rule should not apply because the date a motion was delivered was a date other than that claimed by the movant. *Natson v. United States*, No. 10-13045, 2012 WL 3793000, at *1 (11th Cir. Sept. 4, 2012); *Washington*, 243 F.3d at 1301.

Here, Movant claims that he did, in fact, place his § 2255 motion in the prison mailbox on February 21, 2010. (Doc. 41, at 2). This Court does not have to accept Movant's factual representation as a matter of law, *Natson v. United*

AO 72A
(Rev.8/82)

*States*, No. 10-13045, 2012 WL 3793000, at *1 (11th Cir. 2012), and the nearly two-year discrepancy between the time Movant claims he delivered his § 2255 motion to prison authorities and the time that the Clerk of this Court received and filed it renders his claim questionable. As such, this Court ordered the Government to supplement the record with some type of evidence – whether in the form of prison logs or other records – that would indicate when the motion actually was delivered to prison authorities for forwarding to the Court. (Doc. 42).

The Government first points to the § 2255 motion itself, and Movant's failure to comply with 28 U.S.C. § 1746 by leaving blank the declaration required by the statute. In order to demonstrate timely filing, Movant must insert the following declaration above his signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year). Executed (signed) on _____ (date)." *See* Rule 3(d), Rules Governing § 2255 Cases (hereinafter "Rule 3(d)"); 28 U.S.C. § 1746(1).[2]

---

[2] Rule 3(d) provides that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

4

According to the Government, because Movant left this declaration blank and thus failed to comply with 28 U.S.C. § 1746, the mailbox rule does not apply.

Indeed, both *Houston, supra* and Rule 3(d) imply that the burden of proof with regard to timely filing should be placed with the Government *only* if Movant has submitted a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement – either of which must set forth the date the motion was deposited. *See Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006) (stating that with regard to a notice of appeal by a prisoner, "we construe both *Houston* and Fed.R.App.P. 4(c) to imply that the burden of proof should be placed upon the state if [the appellant] *has satisfied the requirement of Fed.R.App.P. 4(c)* [of a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement]")[3] (emphasis added); *Clay v. United States*, Civil Action No. 2:06-CV-09-RWS, Criminal Action No. 2:00-CR-08-RWS, 2007 WL 4336356, at *3 (N.D. Ga. Dec. 6, 2007) (discussing *Allen* in connection with a § 2255 motion). While Movant signed and dated the instant motion, he did not fill in the blanks regarding the date that he placed the § 2255 motion in the prison mailing system. It is therefore not

---

[3] Rule 3(d) sets forth language identical to Rule 4(c)(1) of the Federal Rules of Appellate Procedure regarding the declaration.

clear that Movant complied with the requirements of 28 U.S.C. § 1746. Regardless, the Court finds it unnecessary to decide that issue because the Government also has submitted evidence which proves that Movant could not have placed the instant § 2255 motion in the prison mailing system on February 21, 2010.

On the first page of the § 2255 motion, Movant indicated that he prepared the motion while he was incarcerated at the United States Penitentiary in Atlanta ("USP-Atlanta"). (Doc. 31, at 1). The Government has provided the records of both the Georgia Department of Corrections and the Federal Bureau of Prisons which indicate that, in compliance with the amended sentence, Movant was serving his federal time in state custody until October 11, 2010. (Gov't Ex. A; Declaration of Vincent E. Shaw ["Shaw Decl."] ¶¶ 5-7, Att. 2). Moreover, although he supposedly delivered the § 2255 motion to USP-Atlanta officials on February 21, 2010, Movant did not arrive at USP-Atlanta until more than nine months later on December 1, 2010. (Shaw Decl. ¶ 8, Att. 2). Based on this evidence, the Court finds that the earliest date Movant could have delivered his § 2255 motion to prison authorities at USP-Atlanta was December 1, 2010. In light of Movant's *pro*

*se* status, the Court will deem December 1, 2010, as the filing date.[4] Even using this date, however, the instant motion is untimely.

## II. The Motion to Vacate is Untimely.

### A. Movant Did Not File Within the One-Year Limitation Period under 28 U.S.C. § 2255(f)(1).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] As noted previously, however, it is still highly unlikely that Movant actually delivered the § 2255 motion to USP-Atlanta authorities for mailing on the day he arrived, especially in light of the fact that the Clerk of this Court did not receive and file it until more than one year after that date. (Doc. 31).

AO 72A
(Rev.8/82)

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Movant's convictions and sentences became final.  Movant had ten days from his resentencing on February 11, 2009, to file an appeal.[5]  *See Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011) (stating that the judgment entered upon resentencing resets the beginning of the limitation period).  As Movant did not file an appeal, his convictions and sentences became final on February 26, 2009, and, absent tolling, expired one year later on February 26, 2010.[6]  *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."); *Maderos v. United*

---

[5] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended in 2009 and extended the time period for filing a notice of appeal from ten to fourteen days.  *See* Fed.R.App.P. 4, Advisory Committee Notes.  The amendment became effective on December 1, 2009, and therefore does not apply to Movant.

[6] In 2009, Rule 26(a)(1) of the Federal Rules of Appellate Procedure excluded weekends and federal holidays when computing time periods of less than eleven days.  *See* Fed.R.App.P. 26, Advisory Committee Notes.  The Court takes judicial notice that Monday, February 16, 2009, was Presidents' Day.  *See* http://www.when-is.com/presidents-day-2009.asp.  In computing the ten-day period from the date of resentencing, therefore, the Court excluded weekend days and Presidents' Day from that time period.

*States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (stating that the movant's judgment of conviction became final ten days after it was entered because he did not file a timely notice of appeal). The instant motion, filed over nine months later on December 1, 2010, is untimely.

      B.    <u>Movant Has Not Demonstrated Diligence Such That 28 U.S.C.<br>§ 2255(f)(4) Would Apply.</u>

Movant claims that his counsel was ineffective for failing to file an appeal after Movant requested her to do so. (Doc. 31 at 4, 7, 9; Att. 1, at 21; Doc. 41). If Movant's lawyer did not, in fact, comply with a request by Movant to file an appeal, those circumstances could constitute ineffective assistance *per se*. *See Tucker v. United States*, 249 F. App'x 763, 765 (11th Cir. 2007). A § 2255 motion based on counsel's failure to file a requested direct appeal could be considered timely under § 2255(f)(4) if the movant files within one year of the date he could have discovered, through the exercise of due diligence, that no appeal had been filed. *Tucker*, 249 F. App'x at 765; *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002).

Movant shoulders the burden of providing specific facts to demonstrate such diligence, and mere conclusory allegations are insufficient to raise the issue. *See*

AO 72A<br>(Rev.8/82)

*San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. ), *cert. denied*, __ U.S. __, 132 S. Ct. 158 (2011). Because Movant simply alleged that his attorney failed to file his requested appeal, on August 23, 2012, this Court ordered Movant to provide details as to the circumstances surrounding his request:

> including, but not limited to: (1) the date Movant requested his attorney to file an appeal; (2) what steps Movant took after that request and before filing this § 2255 motion to determine whether an appeal was filed; (3) what contact, if any, Movant had with his attorney between sentencing and filing his § 2255 motion regarding the requested appeal; and (4) when Movant discovered that the appeal was not filed.

(Doc. 40 at 2-3).

Instead of providing the details of what steps he took to investigate the status of any appeal in the nearly two-year period between sentencing and filing his § 2255 motion, however, Movant merely responded with a vague and conclusory statement that "when [Movant] found out through the exercise of Due diligence that his attorney never filed an appeal, he filed his 2255[.]" (Doc. 41 at 2). Movant, therefore, has not demonstrated that he acted diligently in learning that his appeal had not been filed. *See, e.g., Womble v. United States*, No. 5:05-CR-78 (CAR), 2012 WL 5508480, at *1-2 (M.D. Ga. Nov. 14, 2012) (adopting magistrate judge's report and recommendation to dismiss § 2255 motion as untimely, finding

10

AO 72A
(Rev.8/82)

movant's vague and conclusory allegations of due diligence in attempting to learn whether his attorney filed his requested appeal insufficient); *Cody v. United States*, No. 4:05-CR-16 (CDL), 2009 WL 112676, at *1-2 (M.D. Ga. Jan. 16, 2009) (adopting report and recommendation to dismiss § 2255 as untimely and rejecting the movant's conclusory claim that he recently learned that his attorney never filed an appeal as requested, because he demonstrated no diligence in finding out whether a notice of appeal was filed within the statutory ten-day period or in determining the status of any such appeal, and because "the least diligent inquiry would have revealed . . . that no appeal had been filed in his case within the allotted 10 day period"). *See also Tucker*, 249 F. App'x at 766 (affirming dismissal as untimely because § 2255 movant had not demonstrated diligence in discovering that counsel did not follow his request to file an appeal, where he made

no effort to contact his lawyer or the court to discuss the status of any appeal).[7]

Thus, this § 2255 motion is untimely.

IV.  Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that

Movant Kevin Veshin Tyler's motion to vacate sentence [Doc. 31] be **DENIED**.

**IT IS ORDERED** that Movant's motion to amend the § 2255 motion [Doc.

39] is **DENIED AS MOOT**.

V.  Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district

court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. . . . If the court issues a certificate, the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability

---

[7] For the same reasons, to the extent that this Court could construe Movant's argument as one for equitable tolling, his conclusory statements of diligence are insufficient. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (June 14, 2010) (discussing that a petitioner must demonstrate diligence in order for equitable tolling to apply); *Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012) (denying equitable tolling to § 2255 movant who, *inter alia*, failed to "demonstrate how he exercised due diligence in pursuing his rights" after he learned that his lawyer failed to file a notice of appeal).

AO 72A
(Rev.8/82)

("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 6th day of December, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)